UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALI ALKADY, SAMI ALKADI, ADEL ALKADI, and YEASSER ALKADI,<br><br>Plaintiffs,<br><br>v.<br><br>CORINNA LUNA, Los Angeles Field Office Director for the United State Citizenship and Immigration Services, LEE CISNA, Director of United States Citizenship and Immigration Services, ELAINE DUKES, Acting Director of the Department of Homeland Security,<br><br>Defendants. | CAUSE NO.: 1:18-CV-1-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Amended Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief [ECF No. 19], and the Defendants' Motion to Dismiss Due to Lack of Subject Matter Jurisdiction Due to Mootness and Failure to State a Claim [ECF No. 24]. For the reasons set forth in this Opinion and Order, the Court finds that this Court does not have jurisdiction to consider the merits of the Plaintiff's claims.

**BACKGROUND**

The Plaintiff's Amended Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief ("Amended Complaint") alleges the following:

On November 15, 2000, Plaintiff Ali Alkady, who is a naturalized United States citizen, filed a Form I-130 Petition for Alien Relative on behalf of each of his three adult children,

Plaintiffs Adel Alkadi, Sami Alkadi, and Yasser Alkadi. According to the Amended Complaint, the Plaintiffs "have not received any decision" for their Forms, nor have they "received any requests for additional evidence for their Forms." (Amd. Compl. ¶¶ 20–21.) The Plaintiffs allege that it is common practice for the United States Citizenship and Immigration Services (USCIS) to "retroactively allege" that requests for additional evidence have been sent to Form I-130 petitioners, and that petitioners, in turn, failed to respond. (*Id.* ¶ 26.) The reason for these false claims, according to the Amended Complaint, is to concoct a "supposedly legitimate basis for denying petitions under the Yemeni adjudication scheme, first implemented in 2009." (*Id.* ¶¶ 26, 28.) The Plaintiffs refer to the "Yemeni adjudication scheme" as the adjudicative process that the USCIS implemented for I-130 petitions submitted by petitioners of Yemen descent. The scheme, it is alleged, holds Yemeni petitioners and beneficiaries "to unfair and discriminatory standards and policies on account of their Muslim religion, Arab race, and/or Yemen national origin." (*Id.* ¶ 54.)

The Plaintiffs assert that this adjudicative process is to blame for the eighteen-year delay in adjudicating the Form I-130 Petitions that Ali Alkady filed in 2000. They identify the following causes of action against "All Defendants":

- Count One:    Mandamus Act, 28 U.S.C. § 1361; 28 U.S.C. § 1651
- Count Two:    Administrative Procedures Act; 5 U.S.C. § 555; 5 U.S.C. § 701 et seq.
- Count Three:  Nondiscrimination Clause of INA; 8 U.S.C. § 1152(a)(1)(A)
- Count Four:   Fifth Amendment Substantive Due Process
- Count Five:   Fifth Amendment Procedural Due Process
- Count Six:    First Amendment Establishment Clause
- Count Seven:  Conspiracy to Interfere with Civil Rights; 42 U.S.C. § 1985
- Count Eight:  Declaratory Judgment Act

The Plaintiff's Prayer for Relief asks the Court to declare that the Defendants' delay in adjudicating the Plaintiffs' I-130 Petitions is unlawful and unreasonable pursuant to "5 U.S.C. §

702, U.S.C. 554 § (c)(1), U.S.C. § 706(1), 5 U.S.C. § 702(2)(A), 5 U.S.C. § 706(2)(D), the APA, and the Fifth Amendment of the U.S. Constitution." Additionally, the Plaintiffs request that the Court mandate that Defendants Lee Cisna and Elaine Dukes "properly adjudicate" the Form I-130 Petitions within three days and issue a decision. Apart from the caption, the Amended Complaint contains no mention of, or allegations against, Defendant Corinna Luna.

## ANALYSIS

 A. **Motion to Dismiss**

The Defendants' Motion to Dismiss is premised on the straight-forward assertion that the administrative record shows that the November 15, 2000, Form I-130 Petitions have already been adjudicated; they were denied on June 26, 2003. Accordingly, the Plaintiffs' case does not involve an actual, ongoing controversy over which this Court has jurisdiction.

The certified administrative record concerning the Form I-130 Petitions shows that Mr. Alkady submitted the Form I-130 Petition for Sami on November 15, 2000. (ECF No. 25-1 at 27.) Mr. Alkady provided a specific address in Dearborn, Michigan, as his own address, and as the address in the United States where his relative intended to live. (*Id.* at 27–28.) A letter dated December 2, 2002, and mailed to this Dearborn, Michigan, address requested that additional information be submitted to the reviewing agency by a specific date. (*Id.* at 25–26.) On June 26, 2003, a Decision letter was mailed to the Dearborn, Michigan, address. It advised that the Petition for Alien Relative had been denied because the Plaintiff had not supplied the evidence requested in the December 2, 2002, letter, which left inconsistencies in the record that were incumbent on the Plaintiff to resolve or explain by independent, objective evidence. (*Id.* at 21–23.) This included Sami's true date of birth. The denial was "without prejudice to the filing of a

new petition on behalf of the beneficiary, accompanied by the proper fee and evidence, in accordance with regulatory requirements." (*Id.* at 24.)[1]

Mr. Alkady also filed petitions on behalf of his adult daughters. As with Sami's Petition, requests for evidence were mailed to Dearborn, Michigan, and the petitions were denied for failing to respond to those requests and to meet the burden of proof.

### B. Subject Matter Jurisdiction

A Rule 12(b)(1) motion to dismiss "tests the jurisdictional sufficiency of the complaint." *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) (citing *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)). When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Id.*; *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003).

However, a movant may present evidence to support a contention that there is in fact no subject matter jurisdiction, despite a facially valid complaint, and "the court is free to weigh the evidence to determine whether jurisdiction has been established." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003); *see also Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) ("The law is clear that when considering a motion that launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.") (quotation marks and brackets omitted). The presumption of correctness accorded to a

---

[1] The administrative record reveals that Mr. Alkady indeed filed a new petition on Sami's behalf in 2013. The Plaintiffs' Complaint does not reference the 2013 petition.

complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. *Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999). The plaintiff has the obligation to establish jurisdiction by competent proof. *Id.* at 855–56.

Federal courts are only permitted to decide legal questions that occur in the context of an actual case or controversy, U.S. Const., Art. III, § 2. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (noting that "no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies") (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (brackets omitted)). Jurisprudence on the legal concept of standing, as well as mootness, are rooted in the Constitution's case-or-controversy limitation on federal judicial authority. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). "Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (quotations omitted)).

Because it is a jurisdictional requirement, "the plaintiff bears the burden of establishing standing." *Apex Digital*, 572 F.3d at 443. "'[A] plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). To meet the minimum standing requirements of Article III, a plaintiff must prove three elements: (1) he suffered or will suffer a concrete and particularized injury that is actual or imminent; (2) the injury is fairly traceable to the defendant's action; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S 555,

5

560–61 (1992); *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 291 (7th Cir. 2016). When a case is at the pleading stage, the pleading must clearly allege facts demonstrating each element. *Spokeo*, 136 S. Ct. at 1546. "If the plaintiff lacks standing, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1)." *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017).

Here, the Plaintiffs allege that they have been injured by the Defendants' failure to adjudicate their Form I-130 Petitions and, but for these delays, "would have immigrated to the United States many years ago and avoided severe financial hardship and emotional hardships." (Am. Compl. ¶¶ 70, 72–74.) They allege that the injuries they have suffered will be redressed by the requested relief: a declaration that the Defendants' delay in adjudicating the Plaintiffs' I-130 Petitions is unlawful and unreasonable, and issuance of a writ of mandamus compelling Defendants Cisna and Dukes to adjudicate the Form I-130 Petitions and issue a decision.

In response to the administrative materials submitted by the Defendants, the Plaintiffs do not directly address mootness or standing, but focus solely on arguments going to the potential merits of their claims. Nor do they deny that the USCIS denied their 2000 Petitions in 2003. Rather, their argument seems to be that the Defendants' notice to them was not adequate. However, standing is a threshold issue, and Plaintiffs' argument does not satisfy the burden to establish that they have standing to challenge a failure to adjudicate their Petitions, regardless of the reason, if there was no such failure. The injuries that the Plaintiffs allege that they suffered, as set forth in their Amended Complaint, cannot be redressed by a declaration that the delay was unlawful or a writ of mandamus compelling the adjudication of their Petitions within three days. The Plaintiffs are seeking relief on Petitions that are no longer viable. They are seeking immediate adjudication of Petitions that were already adjudicated in 2003. The Court does not

6

find that this case presents an actual claim or controversy for which the Constitution grants authority to this Court to decide.

The Court finds the reasoning from opinions that focus on mootness to be persuasive. *See Taylor*, 875 F.3d at 854 (noting that the concepts of mootness and standing "are interrelated"). The Plaintiffs do not explain how their case differs from those holding that a mandamus action seeking the adjudication of an I-130 petition is rendered moot by the adjudication of the petition. *See Martinez v. Mayorkas*, No. 1:13CV485, 2014 WL 4908447, at *3 (S.D. Ohio Sept. 30, 2014) (stating that that "[f]ederal district courts have often dismissed as moot mandamus actions requesting adjudication of an I-130 petition . . . once the petition . . . has been adjudicated") (first citing *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289–90 (E.D. Va. 2010); then citing *Iredia v. Fitzgerald*, No. 10–228, 2010 WL 2994215, *3 (E.D. Pa. July 27, 2010); and then citing *Brown v. Dep't of Homeland Sec.*, No. 2007–0065, 2008 WL 2329314, *1 (D.V.I. June 3, 2008); and then citing *Ordonez–Garay v. Chertoff*, No. CV F 06–1835 AWI SMS, 2007 WL 2904226, *4 (E.D. Cal. Oct. 3, 2007); and then citing *Ariwodo v. Hudson*, No. H–06–1907, 2006 WL 2729386, *3 (S.D. Tex. Sept. 25, 2006)); *see also Mufti v. Lynch*, 190 F. Supp. 3d 827, 833 (N.D. Ind. 2016) (finding that a claim seeking to compel adjudication of an I-130 petition was rendered moot by the adjudication of the petition); *Abashaar v. Beecroft*, No. 1:17-CV-281 RLM-DLP, 2018 WL 1532704, at *2 (S.D. Ind. Mar. 29, 2018) (dismissing mandamus and APA claims related to I-130 petitions as moot because the USCIS adjudicated and denied the I-130 petitions as abandoned when the petitioner did not appear at scheduled interviews); *Lihua Jiang v. Clinton*, No. 08–CV–4477, 2011 WL 5983353, at *3 (E.D.N.Y. Nov. 28, 2011) (finding the plaintiff's claim "moot insofar as it seeks a writ of mandamus to order [d]efendants to perform duties they have already performed"). In *Lihua*, the court noted that the process may have taken

longer than the plaintiff "preferred—and perhaps longer than the law permits— but the processes did occur and were eventually completed. Defendants discharged any non-discretionary duty they may have owed" to the plaintiff and her son related to the plaintiff's application in support of her son's visa and the visa. 2011 WL 5983353, at *3.

The Court has reviewed these cases and finds no reason to distinguish them from the facts of this case. The USCIS's denial of the Plaintiffs' Petitions is not a cognizable injury-in-fact that a favorable decision here would redress. The Plaintiffs themselves clarify that they are not challenging the discretionary grant or denial of individual petitions. Thus, all that is left is to compel adjudication, which is a duty the Defendants have already performed. The majority of the Plaintiffs' arguments conflate the constitutional standing requirements with the merits of their claim. Again, while the Plaintiffs claim that they are not challenging the discretionary grant or denial of individual petitions, they do not explain why this has relevance to whether they have presented a case or controversy. For example, "while the APA gives a reviewing court authority to compel non-discretionary agency action that is unreasonably delayed, 5 U.S.C. §§ 706(1), 701(a)(1), it has no bearing on the threshold question of whether [the Plaintiffs have] standing to bring a claim under the APA in the first instance." *Taylor*, 875 F.3d at 855. If this Court lacks jurisdiction, it cannot review the Plaintiffs' claims at all, much less determine whether there was an unreasonable delay of a non-discretionary duty. Likewise, the Declaratory Judgment Act is remedial, not jurisdictional. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 338 U.S. 667, 671 (1950). Finally, invoking the violation of a constitutional right does not impart federal subject matter jurisdiction where there is no actual case or controversy.

Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Here, the concrete and particularized injury

that the Plaintiffs allege—no adjudication of their Petitions—has been shown through the administrative record to be non-existent. Accordingly, the Plaintiffs lack standing to pursue declaratory and injunctive relief from this Court.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's Motion to Dismiss [ECF No. 24]. The Amended Complaint is dismissed without prejudice.

SO ORDERED on February 28, 2019.

 s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT